# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-40317
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
February 6, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Selvin Calix-Castillo,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:22-CR-1580-1

---

Before Jolly, Engelhardt, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Selvin Calix-Castillo appeals his convictions for transporting and attempting to transport an illegal alien within the United States for financial gain and conspiracy to transport an illegal alien within the United States. Calix-Castillo contends that the district court erred by admitting at trial incriminating portions of jailhouse phone calls between him and his mother

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

without permitting the defense to introduce the entirety of the phone call audio under Federal Rule of Evidence 106. The district court concluded that the unadmitted portions of the phone call audio were irrelevant and inadmissible because they consisted only of Calix-Castillo's own self-serving denials of wrongdoing.

We review the district court's evidentiary ruling for abuse of discretion, subject to harmless error. *United States v. Brooks*, 681 F.3d 678, 709 (5th Cir. 2012). "A nonconstitutional trial error is harmless unless it had substantial and injurious effect or influence in determining the jury's verdict." *United States v. El-Mezain*, 664 F.3d 467, 526 (5th Cir. 2011), *as revised* (Dec. 27, 2011) (internal quotation marks and citation omitted).

As the Government correctly argues, even if we were to conclude that the district court's evidentiary ruling was an abuse of discretion, the error was harmless in light of the ample evidence of guilt, most of which Calix-Castillo admitted in his testimony. Although he endeavored to provide an innocent explanation for his actions, the jury found his testimony to that end uncredible. *See United States v. Valas*, 822 F.3d 228, 238 (5th Cir. 2016). Hearing Calix-Castillo's simple denials of guilt to his own mother would not have caused the jury to reassess the evidence, such that the district court's evidentiary ruling had a substantial and injurious effect or influence in determining the jury's verdict. *See El-Mezain*, 664 F.3d at 526. Accordingly, the judgment is AFFIRMED.